**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JESSICA CANTRALL, | No. 12-17319 |
| Plaintiff - Appellant, | D.C. No. 3:12-cv-01863-JSW |
| v. | |
| HARTFORD FINANCIAL SERVICES GROUP, HARTFORD FIRE INSURANCE COMPANY, TWIN CITY FIRE INSURANCE COMPANY, HARTFORD UNDERWRITERS INSURANCE COMPANY, HARTFORD INSURANCE COMPANY OF THE MIDWEST, HARTFORD CASUALTY INSURANCE COMPANY, HARTFORD ACCIDENT AND INDEMNITY COMPANY, HARTFORD SPECIALITY COMPANY, | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Jeffrey S. White, District Judge, Presiding

---

     [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Submitted January 14, 2015[]
San Francisco, California

Before: M. SMITH, NGUYEN, AND FRIEDLAND, Circuit Judges.

In this diversity putative class action, Plaintiff Jessica Cantrall files suit against Defendants Hartford Financial Services Group and several affiliated Hartford entities. Cantrall purports to represent a class of California consumers who allege that they were charged more for cell phone insurance from 2001 to July 2005 than the rates that the Hartford defendants filed by statute with the California Department of Insurance. The district court dismissed Cantrall's Complaint on California statute of limitations grounds. We affirm the district court's decision.

Cantrall filed this action well after the applicable four-year statute of limitations expired in 2009. California courts generally do not apply the discovery rule to toll a statute of limitations where public filings, required by statute, contain the information relevant to a claim. *See Util. Cost Mgmt. v. Indian Wells Water Dist.*, 36 P.3d 2, 10 (Cal. 2001). Hartford published a completed rate application in 2004, which was required by the California Insurance Code. *See* Cal. Ins. Code § 1861.05 ("Every insurer which desires to change any rate shall file a complete rate application with the commissioner. A complete rate application shall include all

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

data referred to in Sections 1857.7, 1857.9, 1857.15, and 1864 and such other information as the commissioner may require.").

Additionally, the district court denied Cantrall leave to amend her complaint because it determined that an amended complaint would be futile. Since an amended complaint would have been subject to the same statute of limitations issues, the district court was well within its discretion to deny leave to amend.

Cantrall claims that, if she were allowed to amend her complaint, she would have been able to support allegations that the Hartford defendants committed fraud by not disclosing the rate difference to her. Although allegations of fraud would have tolled the statute of limitations, Cantrall's fraud claim does not have merit. Cantrall alleges that Hartford complied with its statutory duty to file its insurance rates under California Insurance Code Sections 1861.05. Compliance with statutory requirements necessarily required disclosure through the filing of rates. Cantrall cannot then state a claim of fraud based on Hartford's failure to disclose those same rates.

Finally, Cantrall argues that equitable estoppel exempts her from complying with the applicable statute of limitations. Under the doctrine of equitable estoppel, Cantrall would have been able to sue after the limitations period by showing that "the defendant's conduct, relied on by the plaintiff, [] induced the plaintiff to

3

postpone filing the action until after the statute [had] run." *Mills v. Forestex Co.*, 134 Cal. Rptr. 2d 273, 295 (Ct. App. 2003). The district court did not err in denying Cantrall's equitable estoppel claim because Cantrall admits that she was not aware of her claim until March 2012, well after the statute of limitations period had run. Cantrall does not show that the Hartford defendants undertook any action to delay her filing of the cause of action.

We, therefore, affirm the decision of the district court. All outstanding motions are denied.

**AFFIRMED.**